UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, AtLee and Senior Judge Clements


JENNIFER LYNN WILKS

MEMORANDUM OPINION*

v.      Record No. 1758-14-4                                                        PER CURIAM
                                                                                                    JUNE 16, 2015

FAIRFAX COUNTY
 DEPARTMENT OF FAMILY SERVICES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

(Leslie A. Shopf, on brief), for appellant.

(David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy
County Attorney; May Shallah Kheder, Assistant County Attorney;
Matthew J. Yao, Guardian *ad Litem* for the infant child; Yao Law
Firm, P.C., on brief), for appellee.


Jennifer Lynn Wilks (hereinafter "mother") appeals the termination of her residual

parental rights to her child, J.W. Mother asserts the trial court erred by ruling that the Fairfax

County Department of Family Services (hereinafter "DFM") made reasonable and appropriate

efforts to assist her in reuniting with her child. Upon reviewing the record and briefs of the

parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision

of the trial court. See Rule 5A:27.

The trial court terminated mother's parental rights pursuant to Code § 16.1-283(C) and

16.1-283(E)(i). Subsection (E)(i) provides as follows:

> The residual parental rights of a parent or parents of a child who is
> in the custody of a local board or licensed child-placing agency
> may be terminated by the court if the court finds, based upon clear
> and convincing evidence, that it is in the best interests of the child

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and that (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

Mother attacks the sufficiency of the evidence solely with regard to whether she was provided adequate services.[1]  Subsection (E) does not impose a duty upon DFS to provide services to a parent.

Because mother does not challenge the trial court's decision to terminate her residual parental rights under subsection (E), the issue of whether termination was warranted pursuant to subsection (C) is rendered moot.  Accordingly, we do not reach that issue as mother does not contest there are adequate grounds for termination of her parental rights under Code § 16.1-283(C).  See Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

The trial court's decision is summarily affirmed.  See Rule 5A:27.

Affirmed.

---

[1] The only subsection of Code § 16.1-283 cited in mother's opening brief is subsection (B).